IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNARD JERRY-EL, : | |
|     Plaintiff : | |
|     v. : | Case No. 3:21-cv-71-KRG-KAP |
| MELISSA HAINSWORTH, WARDEN, : | |
| S.C.I. LAUREL HIGHLANDS, : | |
|     Defendant : | |

<u>Memorandum Order</u>

    There are pending motions at ECF no. 79, ECF no. 81, ECF no. 82, ECF no. 83, ECF no. 87, and ECF no. 88 that this memorandum addresses. To summarize, ECF no. 79 is granted; ECF no. 81, ECF no. 83, and ECF no. 87 are denied; ECF no. 82 and ECF no. 88 are directed to Judge Gibson and so are commented on but not ruled on.

    Plaintiff is an inmate at S.C.I. Laurel Highlands, the Department of Corrections' medical facility, serving a life sentence imposed for a murder committed in 1977. Over the last four decades plaintiff has filed at last twenty attacks on that conviction, including most recently a May 2023 Rule 60(b) motion to vacate an order Judge Conti's entered in November 2017 in <u>Jerry-el v. Luther</u>, Case No. 2:16-mc-404-JFC-RCM (W.D.Pa. November 21, 2017), *certificate of appealability denied*, No. 17-3682 (3d Cir. June 20, 2018), itself denying a Rule 60(b) motion seeking to reopen the judgment in plaintiff's federal habeas case, <u>Jerry-el v. Petsock</u>, Case no. 2:82-cv-2357-GLL-RCM (W.D.Pa. November 5, 2006), *certificate of appealability denied*, No. 06-2122 (3d Cir. July 21, 2006), *cert. denied* No. 06-7682 (U.S. January 22, 2007). That ended recently with the Court of Appeals denying a certificate of appealability *sub nom*. <u>Jerry-El v. Superintendent Laurel Highlands SCI</u>, No. 23-2384 (3d Cir. November 24, 2023).

    While in custody in this division over the last two decades, plaintiff has also litigated prison conditions cases in this court at <u>Jerry v. Beard</u>, Case No. 3:08-cv-125-KRG-KAP (W.D.Pa.), <u>Jerry v. Luther</u>, Case No. 3:15-cv-127-KRG-KAP (W.D.Pa.), <u>Jerry-El v. Wetzel</u>, Case No. 3:16-cv-253-KRG-KAP (W.D.Pa.), <u>Jerry-El v. Wetzel</u>, Case No. 3:18-cv-216-KRG-KAP (W.D.Pa.), as well as this case and plaintiff's newest one, <u>Jerry-El v. Harry</u>, Case No. 3:23-cv-92-KRG-KAP (W.D.Pa.).

    As a review of all, some, or any of plaintiff's cases will show, plaintiff is an enthusiastic three-strikes litigant who files numerous motions, some meritless, some procedurally defective, some filed in the wrong case, who then throws out accusations of bias and malfeasance, citing as evidence the denial of his motions. Additionally, when those motions and references in those motions take time to evaluate against the lengthy

backdrop of plaintiff's filings, plaintiff writes letters and files motions complaining of delay.

One or more of the claims in Jerry-El v. Wetzel, Case No. 3:16-cv-253-KRG-KAP (W.D.Pa.), which addressed six iterations of a complaint, alleged that personnel at Laurel Highlands were exposing him to environmental tobacco smoke (ETS, or "second-hand smoke"). In 2019, I recommended dismissal of the other claims without prejudice to raising the most recent ETS claim in another suit, the Court agreed, and in 2022 the Court of Appeals affirmed in an eight-page nonprecedential opinion at No. 19-3105 (3d Cir. January 7, 2022). By 2021, plaintiff already had presented that claim in the complaint in this matter and amended that complaint, plus motions and amended motions for injunctive relief.

In 2021, I screened the operative complaint, ECF no. 5, as required by the Prison Litigation Reform Act and noted that it attempted to state two claims under Helling v. McKinney, 509 U.S. 25 (1993), a claim of a present injury from ETS and a claim of a risk of future injury from ETS. I recommended that the claim that plaintiff may be injured in the future by excessive exposure to ETS should go forward but that the claim of deliberate indifference to any present injury should be dismissed for failure to state a claim. ECF no. 12. Over plaintiff's objections and other motions, the Court agreed. ECF no. 18.

By mid-2022 the complaint had been served (on the warden at Laurel Highlands), as the appropriate defendant to carry out any order for injunctive relief, and I issued a discovery schedule. Rather optimistically, on December 6, 2022, I issued a Celotex order requiring plaintiff to present what evidence he had that there was genuine issue of fact about his claim of a risk of future injury from ETS. ECF no. 58. Plaintiff objected to some of my discovery rulings, and those were addressed by the Court in February 2023. ECF no. 67.

Plaintiff filed his evidentiary material in January 2023 at ECF no. 64. The defendant's response was filed the following month at ECF no. 70. Plaintiff objected to my allowing the defendant additional time to file a response. ECF no. 73. That objection, which I noted in the course of granting one of plaintiff's motions in March 2023, is pending. I commented that I plan to address the record "both from the standpoint of a successful appeal by plaintiff, and from the standpoint of an unsuccessful appeal by plaintiff, so there is no need to consider plaintiff's objection, motion, or appeal piecemeal. But my findings are set out whenever the Court wishes to review them." ECF no. 74. The following week, plaintiff filed a supplemental objection to my grant of time to the defendant and an objection as well to my granting **plaintiff's** motion. ECF no. 75. Plaintiff's objection was that "[t]o the extent that Pesto grants Plaintiff anything, Plaintiff is extremely leery." That supplemental objection is also pending.

In May 2023, plaintiff filed at this case a motion intended for Judge Conti's 2017 case. ECF no. 77. I managed to get that rerouted to the right case. ECF no. 78. In the course of my order, I also denied without prejudice plaintiff's motion at ECF no. 76 to expand the record because plaintiff had not attached the proposed exhibits.

In May 2023, plaintiff cured the problem with the exhibits that I had pointed out and attached two pages of them to the motion pending at ECF no. 79. Without objection, the motion at ECF no. 79 to add those exhibits to the record is granted. Plaintiff filed a second motion in October 2023 at ECF no. 83, this time attaching only one of the two pages previously submitted. The motion at ECF no. 83 is denied as unnecessary.

In October 2023 and again in February 2024, plaintiff filed motions for default judgment at ECF no. 81 and ECF no. 87. They are denied. The motions at ECF no. 81 and ECF no. 87 are really motions for entry of default as a discovery sanction under Rule 37, but plaintiff's claim of a violation of a discovery order is wrong and would not merit the sanction requested in any case. I have looked through the record (since plaintiff provided no cites and incorrectly referred in one of the motions to a nonexistent ruling by Judge Gibson) and plaintiff bases his motion on an alleged refusal by defendant to answer an Interrogatory No. 16. In my order of December 6, 2022, I noted that it was a request for defendant's criminal history and that **if** defendant had been convicted of a *crimen falsi,* that record was discoverable. The fact that defendant did not provide plaintiff with anything is not a refusal to answer, it (like every case where a discovery response is not supplemented) is a representation that there is nothing to produce.

Finally, plaintiff filed two motions that have mandamus in the title, at ECF no. 82 and ECF no. 88. The first, filed in October 2023, asks Judge Gibson to compel me to deny or issue plaintiff a trial date within 30 days. It is moot but obviously not addressed to me. The second, filed in February 2024, relating that plaintiff has written complaints to Chief Judge Hornak (who has no supervisory authority over Judge Gibson's presiding over this case), asks Judge Gibson to compel me to "complete all pretrial proceedings." It too is obviously not addressed to me. It misstates the record in this case and attaches as exhibits in support of a ruling on the underlying action and not in support of mandamus two affidavits from 2017 and one from January 2024, plus a grievance plaintiff filed in February 2024.

To the extent that plaintiff wants to add the exhibits in ECF no. 88 to the record to be considered, and that is obviously the case, it is inconsistent to complain about my delay when the record plaintiff wants me to consider: 1) depends on the outcome of his pending objections to my allowing the defendant time to respond (plaintiff wants that evidence out) and 2) would include exhibits two weeks old (plaintiff wants that evidence in). Plaintiff cannot have it both ways. If we take the best case for plaintiff, that is if plaintiff had attached his exhibits to his motion in May 2023, withdrew his objections and

supplemental objections, and stopped there, the record would be pending before me for less than a third the time that his previous appeal was pending at the Court of Appeals. And if plaintiff is not just playing games and wants his most recent exhibits to be part of the record, then (without even considering whether there will be an objection from the defendant) this case has been in a posture for summary judgment for exactly one day.

DATE: February 16, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Bernard C. Jerry-El AP-3307
S.C.I. Laurel Highlands
5706 Glades Pike
Somerset, PA 15501