**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

BERNARD C. JERRY-EL,

Plaintiff,

vs.

MELISSA HAINSWORTH,

Defendant.

Civil No. 3:21-cv-71

District Judge Robert J. Colville
Magistrate Judge Peter E. Ormsby

**MEMORANDUM ORDER**

Plaintiff Bernard C. Jerry-El began this prisoner civil rights action by filing a Complaint on April 16, 2021. ECF No. 1. Plaintiff's later-filed Amended Complaint alleges multiple claims against multiple Defendants. ECF No. 5. Those claims challenge the conditions of his confinement at State Correctional Institution (SCI) Laurel Highlands, primarily related to exposure to environmental tobacco smoke (ETS). As a result of subsequent Court rulings, Plaintiff has one remaining claim against one remaining Defendant: a claim against the warden of SCI Laurel Highlands, Defendant Melissa Hainsworth, for injunctive relief protecting him from injury resulting from excessive future exposure to ETS. *See* ECF No. 12 at 2; ECF No. 18.

Pending before the Court are five motions filed by Plaintiff that refer in their caption to "Summary Judgment" or Rule 56: ECF Nos. 90, 92, 93, 94, and 97 (collectively "summary judgment motions"). Two of those motions (ECF Nos. 90 and 97) are captioned as motions for summary judgment, while the other three motions (ECF Nos. 92, 93, and 94) seek summary judgment based on the failure of Defendant Hainsworth to respond to his "Motion for Summary Judgment" at ECF No. 90.

Plaintiff filed his summary judgment motions in the context of a somewhat unusual procedural posture regarding dispositive motions. For the reasons discussed below, because

Plaintiff's filings do not conform to the requirements of Federal Rule of Civil Procedure 56 or Local Rule 56, Plaintiff's summary judgment motions will be denied without prejudice, and he will be allowed time to file a proper summary judgment motion if he so chooses.

## I. Background

Because the Court writes for the parties, a detailed recitation of the lengthy procedural history of this matter is not necessary. However, it may be helpful to get into some of the procedural weeds to give context to Plaintiff's pending summary judgment motions.

This case has been pending for five years. Until earlier this year, the case was referred to Magistrate Judge Keith A. Pesto to handle pretrial proceedings in accordance with 28 U.S.C. § 636. Consistent with that referral, Judge Pesto handled case management, ruled on the many non-dispositive motions filed in this case, and submitted a Report and Recommendation (R&R) to then-presiding District Judge Kim R. Gibson regarding Plaintiff's preliminary injunction motions.

Judge Pesto's R&R recommended that Judge Gibson deny Plaintiff's request for a preliminary injunction. ECF No. 12 at 3-4. He also screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 and recommended that "[t]he complaint should be served on the warden, as the appropriate defendant to carry out injunctive relief, and otherwise dismissed without leave to amend." *Id*. at 2. Judge Gibson adopted the R&R as to both recommendations by Order dated December 1, 2021. ECF No. 18. As a result, and as Judge Pesto often reminded the parties as the case proceeded, Plaintiff has one remaining claim against Defendant Hainsworth for injunctive relief regarding his claim that exposure to ETS presents a risk of future harm. *See* ECF Nos. 22 at 1, 48 at 1, 52 at 1, 54 at 1, 58 at 1, 89 at 2.

On June 14, 2022, Judge Pesto ordered that discovery be completed by September 30, 2022, and that motions for summary judgment must be filed by October 31, 2022. ECF No. 34. However, Judge Pesto later modified the summary judgment procedure that would be followed in this case.

By Order dated August 26, 2022, Judge Pesto stated:

> Under Fed.R.Civ.P. 56(f)(3) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986), the court has the power to issue a *sua sponte* order for summary judgment so long as the parties are notified that they must come forward with all relevant evidence. To move the claim for injunctive relief to a speedy resolution, I exercise that power here: plaintiff is ordered to come forward with all evidence as to liability and injury relative to his claim for injunctive relief against future exposure to ETS, presented in a form that would be admissible in evidence. *See* Fed.R.Civ.P. 56 (c)(2). He shall do so on or before October 31, 2022. Defendant may reply, including by motion under Rule 56(d), on or before November 30, 2022.

ECF No. 48 at 2.

Judge Pesto later stayed "Plaintiff's obligation to show that there is a material issue of fact in his claim for injunctive relief against future ETS exposure." ECF 54. The Court lifted the stay by Order at ECF No. 58, dated December 6, 2022. In doing so, Judge Pesto reminded the parties of the Court's "power to issue a *sua sponte* order for summary judgment so long as the parties are notified that they must come forward with all relevant evidence." *Id*. He also reminded Plaintiff of his task with the lifting of the stay: "plaintiff is ordered to come forward with all evidence as to liability and injury relative to his claim for injunctive relief against future exposure to ETS, presented in a form that would be admissible in evidence." *Id*. (citing Fed.R.Civ.P. 56 (c)(2)).

Plaintiff filed several objections to Judge Pesto's Order at ECF No. 58. ECF Nos. 61, 63. In addressing those objections, Judge Gibson acknowledged the Court's "power to issue an order for summary judgment against Plaintiff sua sponte" and ultimately affirmed the various rulings

in Judge Pesto's Order. ECF No. 67 at 2, 5-7. Noting that "the Magistrate Judge moves for summary judgment against Plaintiff and instructs Plaintiff to defend his claim accordingly," Judge Gibson rejected Plaintiff's challenge to that procedure. *Id*. at 6 (citing ECF No. 58 at 2).

In response to Judge Pesto's order at ECF No. 58, on January 5, 2023, Plaintiff filed a document styled "Plaintiff's Evidence as to Liability and Injury Relative to His Claim for Injunctive Relief Against Future Exposure to . . . ETS." ECF No. 64. Defendant filed a response to Plaintiff's evidence on February 28, 2023, and requested the Court to "exercise its power to issue a sua sponte order for summary judgment in favor of the Defendant."[1] ECF No. 70 at 18.

In an Order dated March 22, 2023, Judge Pesto referred to his "*Celotex* order" and noted that he would "be filing a Report and Recommendation that will address the evidence." ECF No. 74 at 1. However, by Order dated almost a year later, February 16, 2024, Judge Pesto described various motions and objections that had delayed his sua sponte summary judgment report and recommendation. *See* ECF 89 at 2-4. Taking those delays into account, Judge Pesto reasoned that "this case has been in a posture for summary judgment for exactly one day." *Id*. at 4.

Perhaps anticipating that the Court would soon be addressing the summary judgment evidence, Plaintiff filed the first of the pending summary judgment motions on February 29, 2024. ECF No. 90. Although styled as a "Motion for Summary Judgment," the thrust of Plaintiff's filing is tailored to avoid the entry of summary judgment against him. *See id*. at 13 (discussing "clearly established law regarding Plaintiff surviving summary judgment").

Defendant apparently understood Plaintiff's motion the same way because she did not file a response, instead relying on her previous summary judgment filing in response to Judge

[1] Defendant's response was filed about a week late. Plaintiff objected to Judge Pesto's Order granting Defendant an extension of time to file her response. *See* ECF Nos. 66, 68, 73.

Pesto's orders. When Defendant did not respond, Plaintiff filed his pending "Motion for Summary Judgment Response," in which he requested the Court to "compel" Defendant to reply to Plaintiff's summary judgment motion. ECF No. 92. The Court did not order Defendant to respond, and she did not do so.

About a month later, on May 2, 2024, Plaintiff filed his "Motion for Rule 56 Relief." ECF No. 93. In this motion, Plaintiff argued that because Defendant failed to respond to his motion, "it can be construed that Hainsworth is agreeing with Plaintiff on the subject matter of summary judgment." *Id*. at 2.

Neither Judge Pesto nor Defendant addressed Plaintiff's motions at ECF Nos. 90, 92, or 93. After waiting about six months, on January 7, 2025, Plaintiff filed a motion styled "Serial Request for Rule 56(e) Relief and Inordinate Delay Motion." ECF No. 94. Plaintiff repeated his argument that because Defendant had not responded to his February 2024 motion, summary judgment should be entered in his favor. *Id*. at 2-3.

Several months later, on April 17, 2025, Plaintiff filed his "Second Summary Judgment Motion," which is essentially a duplicate of his February 2025 motion (ECF No. 90). ECF No. 97. Along with the Motion filed at ECF No. 97, Plaintiff filed a Concise Statement of Material Facts, which contains no citations to the record. ECF No. 98. Here again, neither Judge Pesto nor Defendant addressed Plaintiff's second summary judgment motion.

On April 1, 2025, this case was reassigned from Judge Gibson to District Judge Robert J. Colville. *See* ECF 95. A few months later, on August 25, 2025, the case was stayed pursuant to Administrative Order No. 2025-14, staying civil actions (like this one) in which the Pennsylvania Office of the Attorney General had entered an appearance. ECF No. 101. The stay was lifted on October 3, 2025. *Id*. This case was referred to the undersigned on April 3, 2026.

## II. Discussion

As noted, Plaintiff has filed five pending motions that are captioned as "Summary Judgment" or Rule 56 motions. All of Plaintiff's filings will be considered under the liberal standards applicable to pro se pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Under Federal Rule of Civil Procedure 56, "[a] party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought." Fed. R. Civ. P. 56(a). For a party seeking summary judgment, Rule 56 also explains the procedures that must be followed:

> (c) Procedures.
>
> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

For cases filed in this District, Local Rule 56 further clarifies that a "motion for summary judgment must set forth succinctly, but without argument, the specific grounds upon which the judgment is sought and must be accompanied by" a concise statement of material facts, a supporting memorandum, and an appendix. LCvR 56.B. For each of the facts in a party's concise statement, the "party must cite to a particular pleading, deposition, answer to interrogatory, admission on file or other part of the record supporting the party's statement, acceptance, or denial of the material fact."[2]

Here, Plaintiff's various "summary judgment" filings do not meet the requirements of Rule 56 and Local Rule 56. To begin with, the substance of a filing, rather than its caption, controls. *E.g., Poate v. Dalton*, No. CIV. A. 97-3667, 1997 WL 700507, at *1 n.2 (E.D. Pa. Oct. 31, 1997). Although Plaintiff uses the words "summary judgment" and related terminology, his "motions" do not conform to the rules and law applicable to summary judgment motions. Instead, his "Motion for Summary Judgment" at ECF No. 90 constitutes a paragraph-by-paragraph response to Defendant's Answer with Affirmative Defenses (ECF No. 33), conceding or objecting to Defendant's various assertions. *See* ECF No. 90 at 1-13. Plaintiff's "Second Summary Judgment Motion" takes exactly the same approach. ECF No. 97 at 1-13.

A motion for summary judgment is intended to "isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). It is not the appropriate mechanism to raise objections to a Defendant's response to an initial pleading or other matters.

---

[2] The Local Rules can be found at https://www.pawd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

In addition, rather than showing "that there is no genuine dispute as to any material fact," as required to prevail on a summary judgment motion, Plaintiff's supporting legal memorandum points to "law regarding Plaintiff surviving summary judgment." *Id*. at 13. Plaintiff argues that the "Court should deem [his] factual evidence sufficient to create a material issue of fact" regarding Defendant's "subjective awareness." *Id.* at 14. Similarly, in summing up the evidence, Plaintiff asserts that he "has proffered competent evidence that SCI-Laurel Highlands staff[] and Defendant Hainsworth knew of the purported ongoing constitutional violation and took no action to stop it." *Id*. at 34.

In other words, the substance of what Plaintiff attempts to show is that summary judgment should not be entered against him because there are material issues of fact—not that he is entitled to summary judgment. Once again, the same approach is found in Plaintiff's "Second Summary Judgment Motion," which is almost a duplicate of his initial motion. *See* ECF No. 97 at 13-14 (presenting "law regarding Plaintiff surviving summary judgment" and arguing that the "Court should deem [his] factual evidence sufficient to create a material issue of fact"). In stating facts in support of that motion, Plaintiff further states, "Defendant Hainsworth clearly seeks trial, and Plaintiff is not opposed to it if it is order[ed] under Fed. R. Civ. P. Rule 56(f)(3) [referring to the Court considering summary judgment sua sponte]." ECF No. 98 at 2.

All this is perhaps not surprising given the somewhat unusual procedural posture here in which (in the words of Judge Gibson) "the Magistrate Judge move[d] for summary judgment against Plaintiff and instruct[ed] Plaintiff to defend his claim accordingly."[3] ECF No. 67 at 6 (citing ECF No. 58 at 2). Plaintiff's motions at ECF Nos. 90 and 97 are best understood as

[3] It should be noted that Judge Gibson also concluded that Plaintiff failed to show "Magistrate Judge Pesto lacked the power to move for summary judgment sua sponte." ECF 67 at 4.

presenting evidence and argument defending against summary judgment rather than showing he is affirmatively entitled to summary judgment in his favor.[4] For similar reasons, Defendant's failure to respond to Plaintiff's motions likely reflects counsel's understanding that Plaintiff's motions were defending against the Court's sua sponte entry of summary judgment.

In sum, Plaintiff's submissions are not summary judgment motions.[5] While pro se litigants are entitled to leniency, they are not excused from complying with relevant rules. *E.g., Guidotti v. Colvin,* No. CV 15-186J, 2017 WL 354121, at *2 (W.D. Pa. Jan. 23, 2017). When a motion for summary judgment does not comply with applicable rules, a court may deny the motion without prejudice. *See, e.g., Parfaite v. Lippincott*, No. 3:22-CV-00316, 2022 WL 2792198, at *2 (M.D. Pa. July 15, 2022) (denying motion for summary judgment without prejudice, because plaintiff's "failure to comply with [applicable rules] renders the court unable to reasonably adjudicate his motion."). This is the appropriate course of action here.

## III. Conclusion

For the foregoing reasons, ECF Nos. 90 and 97 are DENIED without prejudice for failure to comply with applicable rules.[6] By separate Order, the Court will amend the scheduling order

---

[4] Consistent with the conclusion that Plaintiff was responding to the Court rather than affirmatively seeking summary judgment, the submissions also include objections to rulings in this case. *See, e.g*., ECF No. 92 at 15 (making argument "to challenge Judge Pesto's claim that Plaintiff's ambient smoke inhalation of ETS means little.").

[5] Another problem with treating Plaintiff's filings at ECF Nos. 90 and 97 as affirmative summary judgment motions is that the deadline to file such motions had long since passed by the time they were filed. *See* ECF No. 34. As described earlier, Judge Pesto's subsequent orders directed Plaintiff to defend his claim for injunctive relief *against* summary judgment.

[6] To clarify, this ruling is not a denial of summary judgment on the merits. Rather, the Court denies Plaintiff's motions without prejudice because they do not comply with applicable rules.

in this case to give Plaintiff additional time to submit a summary judgment motion that complies with Rule 56 and Local Rule 56 if he wishes to do so.

Plaintiff's Motions at ECF Nos. 92, 93, and 94 all seek relief related to Defendant's non-response to his summary judgment motions. Because Plaintiff's summary judgment motions are denied, those related Motions at ECF Nos. 92, 93, and 94 are DENIED as moot.

AND NOW, this 30th day of September 2026, IT IS SO ORDERED.

BY THE COURT:

Peter E. Ormsby
United States Magistrate Judge