**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BERNARD C. JERRY-EL,<br><br>Plaintiff,<br><br>vs.<br><br>MELISSA HAINSWORTH,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 3:21-cv-71<br><br>District Judge Robert J. Colville<br>Magistrate Judge Peter E. Ormsby |

**OMNIBUS ORDER**

Plaintiff Bernard C. Jerry-El filed this prisoner civil rights action on April 16, 2021, alleging multiple claims against 11 defendants. ECF No. 1. In his Amended Complaint, Plaintiff challenges the conditions of his confinement at State Correctional Institution (SCI) Laurel Highlands, primarily related to exposure to environmental tobacco smoke (ETS), also known as secondhand smoke. ECF No. 5. As a result of subsequent Court rulings, Plaintiff has one remaining claim against one remaining Defendant: a claim against the warden of SCI Laurel Highlands, Defendant Melissa Hainsworth, for injunctive relief protecting him from injury resulting from excessive future exposure to ETS. *See* ECF No. 12 at 2; ECF No. 18.

During this protracted litigation, over thirty motions and objections have been addressed by the Court. Multiple motions remain pending, including the following four filed by Plaintiff: 1) Motion for Mandamus Relief (ECF No. 88); 2) Motion for Rule 42(b) Relief (ECF No. 91); 3) Motion for a Three-Judge District Court (ECF No. 100); and 4) Motion for Alternative Dispute Resolution (ECF No. 103). Each of these will be addressed in turn.[1]

[1] Other pending motions will be addressed by separate orders.

**1. Motion for Mandamus Relief (ECF No. 88)**

In his Motion for Mandamus Relief, Plaintiff complains about the handling of his case by Magistrate Judge Keith A. Pesto and requests that Judge Pesto be ordered to "complete all pretrial proceedings." ECF No. 88 at 4. Because Judge Pesto is no longer assigned to this case, Plaintiff's motion will be denied as moot.[2]

**2. Motion for Rule 42(b) Relief (ECF No. 91)**

Plaintiff's motion at ECF No. 91 refers to the Fed. R. Civ. P. 42(b) provision for separate trials and seeks an order requiring a single trial for all his claims, including a "present injury claim." ECF No. 91. This Motion will be denied without prejudice for two reasons.

First, based on the ruling by District Judge Kim R. Gibson in adopting the recommendation of Judge Pesto, Plaintiff's only remaining claim is for injunctive relief, so there is no reason to consider separate trials. *See* ECF No. 12 at 2; ECF No. 18. Second, and in any event, it is premature at this stage to decide whether separate trials would be warranted. At a later stage in this litigation, if and when necessary, the Court and parties will consider the parameters of trial. For both reasons, Plaintiff's motion for a single trial will be denied without prejudice.

**3. Motion for a Three-Judge District Court (ECF No. 100)**

In this Motion, Plaintiff complains about delay and requests a three-judge panel "to move this case forward." ECF No. 100.

---

[2] Plaintiff also filed a similar pleading styled "Objection to Magistrate Keith A. Pesto's Failure to Timely Perform His Duty and Motion for Advisory Mandamus." ECF No. 82. There Plaintiff states that he "is appealing Pesto's dilatory posture to the District Court" and requests that "the District Court grant this motion." *Id*. Because that objection is addressed to the District Court, it is not considered in this Order, although it is moot for the same reason noted above.

Plaintiff does not state the legal basis for his request for a three-judge court, and there is no authority for the proposition that delay is sufficient grounds for such a procedure in a prisoner civil rights case. This matter does not fall within the parameters of statutes allowing (or requiring) such panels. *See, e.g.*, 28 U.S.C. § 2284 (providing for three-judge panel in actions "challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body"). Because Plaintiff has failed to suggest any authority by which the Court could convene a three-judge panel, or any grounds that warrant such a procedure, Plaintiff's Motion will be denied.

**4. Motion for Alternative Dispute Resolution (ECF No. 103)**

In this Motion, Plaintiff requests an order referring this case to Alternate Dispute resolution (ADR). In support of this request, Plaintiff attaches a notice describing a 2012 pilot program in this District encouraging mediation in prisoner cases. *See* ECF No. 103-1. As reflected on the face of the notice, however, that is a voluntary program that requires the agreement of the defendant and is designed for mediations at the onset of litigation. Under the Court's Local Rules, prisoner cases are exempt from the Court's mandatory ADR Program. *See* LCvR 16.2.A. Nevertheless, the Court may order mediation in a prisoner civil rights cases in appropriate circumstances.

Because Plaintiff does not suggest that Defendant is agreeable to some form of ADR, his Motion will be denied without prejudice. Plaintiff is welcome to—and encouraged to—explore with counsel for Defendant whether an ADR procedure might be helpful at this stage of the litigation. If so, the Court will take appropriate action to facilitate mediation or some other agreed ADR procedure.

**Conclusion**

In sum, for the foregoing reasons, the following Motions are DENIED:

1. Motion for Mandamus Relief (ECF No. 88);

2. Motion for Rule 42(b) Relief (ECF No. 91), without prejudice;

3. Motion for a Three-Judge District Court (ECF No. 100); and

4. Motion for Alternative Dispute Resolution (ECF No. 103), without prejudice.

AND NOW, this 30th day of September 2026, IT IS SO ORDERED.

BY THE COURT:

Peter E. Ormsby
United States Magistrate Judge